Judge Underwood
delivered the Opinion of the Court.
The question in this case, is, whether a vendor of land who sells “ all his right, title and interest in and to five hundred acres of land, part of a survey of three thousand acres, made in the name of William Roberts, provided there is five hundred acres that is not sold bv the said Roberts, and clear of the claim of Taylor and the claim cept as to Ann Tool, one of the heirs of said Roberts, is of Brown,” and agrees to convey, without warranty, ex-bound, when the vendee calls upon him, to exhibit title, and shew an ability to convev, or, on failure, to submit to a rescission of the contract.
It is contended, that a deed by the vendor, using terms to convey all his “ right, title and interest.” would be a compliance with the contract on his part, whether he had or had not, in point of fact, any interest or title ; and that the execution of such a deed is all that the vendee can require. We are of a different opinion. An undertaking to convey all the vendor’s ‘■'•right, title and interest,” but without general warranty, implies that he *480 has some right, title and interest which can constitute the subject of a contract, and which can pass by the conveyance to the vendee. If the vendor lias no “ right, title or interest,” the stipulation on his part amounts to a nullity. It cannot be presumed, that a vendee would ever engage to pay money for nothing. We are, therefore, of opinion, that it was incumbent on the vendor to exhibit a title, and shew himself able to make it to the vendee. We do not mean that the vendor was bound to shew the best title, nor even a title regularly derived from the commonwealth. But we think he was bound to present such a state of case as would show that he at least had some right. A naked possession might be such a right as would, if transferred arid conveyed, satisfy the covenant on his part. But the vendor has not shewn that much.
A covenantor, stipulating to convey so many acres ofland out of a large tract, provided there is so much unsold and free of such and such claims, may select it where he will in the tract — hut must lay it off, and show that it is unsold, and free of the specified interference.
The vendor exhibits a deed from Ann Tool to himself, without warranty, purporting to convey her interest, as heir at law of William Roberts, in a survey of three thousand acres, &c. bearing date subsequent to the execution of his title bond ; and it is contended 'hat this deed is such evidence of a right, title or interest in the vendor, as will enable him to comply with-his contract. We think it insufficient. It is true that the contract between the parties, recognizes Ann Tpol as one of the heirs of William Roberts, and therefore Johnson may be es-topped to deny that fact. But conceding that Ann Tool had an interest, as heir, in the three thousand acres, and that her interest, whatever It was, passed by the deed to the defendant in error, still it does not appear that the interest so passed amounted to one acre, excluding the' quantity sold by Roberts in his life time, and clear of the claims'of Taylor and Brown. It is manifest from the covenant, that Roberts had sold part of his survey, and that the claims of Taylor and Brown interfered with it. The vendee, Johnson, was to get five hundred acres, at fifty cents per acre, if so much could be had outside of the interferences with Taylor and Brown, and not to interfere with purchasers from Roberts. The boundary was not specified in the covenant, which should embrace the land sold. The vendor might lay it off any *481 where in the survey provided he avoided the interferences aforesaid. It was his duty to do it. The vendee might not have the necessary information to enable him to do it. The veudor failed to designate any land, and failed to shew title for one acre. At least this court does not know that his title, excluding the exceptions, covers a single acre which he can convey.
Under the foregoing circumstances, .we think the injunction should have been perpetuated, and the contract rescinded. Decree reversed, with costs, and cause remanded for a decree in conformity to this opinion.